UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL**

UNITED STATES OF AMERICA,

v.

D-1 ARADONDO HASKINS,

Defendant.

Case: 2:19-cr-20159
Judge: Roberts, Victoria A.
MJ: Stafford, Elizabeth A.
Filed: 03-22-2019 At 10:26 AM
SEALED MATTER (LG)

VIOLATIONS:   18 U.S.C. § 371
18 U.S.C. § 1343
18 U.S.C. § 666

## INFORMATION

THE UNITED STATES CHARGES:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1.   Congress created the Troubled Asset Relief Program (TARP) to address a nationwide housing crisis.

2.   The Department of the Treasury was designated to oversee TARP and created the Hardest Hit Fund (HHF).

3.   HHF money was to be used by communities to protect home values, preserve home ownership, and encourage economic growth in states hardest hit by the housing crisis.

4.   The State of Michigan received HHF funding.

5. The Department of the Treasury created the Blight Elimination Program (BEP) under HHF. The BEP focused on assisting communities in demolishing vacant and abandoned single family and multi-family structures.

6. The Department of the Treasury funded HHF and the BEP in the State of Michigan by sending federal money to Michigan's State Housing Development Authority (MSHDA).

7. The City of Detroit and State of Michigan, through MSHDA, entered into an agreement that allocated HHF funds to the BEP for use in the City of Detroit. Approximately $258,656,459 of HHF has been allocated to the City of Detroit for blight elimination since October 7, 2013.

8. The City of Detroit engaged the Detroit Land Bank Authority (DLBA) as its local partner under the BEP. The DLBA contracted with the Detroit Building Authority (DBA) to review and oversee the DLBA's procurement of contracts for its demolition program.

9. The DLBA engaged contractors to undertake demolition and other blight elimination activities and was responsible for paying for those services. After the DLBA paid the contractors, it submitted the contractors' invoices to MSHDA for review and reimbursement.

10. From on or about January 2013 through on or about April 2015, defendant ARADONDO HASKINS was employed as an "Estimator" with the Adamo Group (Adamo) in Detroit, Michigan.

11. Adamo was a private, for-profit company that provided demolition services throughout the United States and Canada, including in the City of Detroit.

12. HASKINS'S responsibilities at Adamo included assembling bid packages in response to Requests for Proposals (RFPs) issued by the City of Detroit. Adamo responded to the RFPs by submitting bids to the City of Detroit hoping to secure demolition contracts for Adamo by being the lowest bidder.

13. At all times during his employment, HASKINS owed Adamo the duty of providing his services honestly.

## SCHEME TO DEFRAUD

14. In assembling the bid packages that were submitted to the City of Detroit, HASKINS contacted various subcontractors requesting bids for work to be included in Adamo's submissions.

15. *Contractor A* was one of the subcontractors who received HASKINS'S invitation to bid.

16. On several occasions, with intent to defraud and to corrupt the bidding process and without Adamo's knowledge, *Contractor A* paid HASKINS money for disclosing confidential information about bids from *Contractor A*'s competitors.

17. In return for these payments, HASKINS disclosed confidential information about the lowest competitor bid which allowed *Contractor A* to submit an even lower bid, ensuring that *Contractor A* was awarded lucrative contracts.

18. The confidential information was provided to *Contractor A* by means of interstate wire communications from HASKINS. Specifically, HASKINS and *Contractor A* facilitated the scheme by communicating via email and by HASKINS transmitting information regarding competitor bids to *Contractor A* via email.

19. The fraudulent payments were made from *Contractor A* and corruptly accepted by HASKINS on at least eight occasions while HASKINS worked at Adamo.

## BRIBERY

20. On or about April 2015, due in large part to his experience at Adamo, Haskins was hired by the City of Detroit Building Authority (DBA) as a "Field Operations Manager" for its demolition program.

21. The City of Detroit received federal assistance in excess of $10,000 during the calendar year 2015.

22. As an official of the City of Detroit and "Field Operations Manager," HASKINS was the primary point of contact for demolition contractors and he opened and read bids submitted in response to RFPs.

23. *Contractor A*, knowing that HASKINS was still in a position to influence the demolition contract bidding process, continued to knowingly and corruptly pay HASKINS to use his official authority to influence the awarding of demolition contracts to *Contractor A*.

4

24. HASKINS accepted cash payments from *Contractor A* in exchange for providing *Contractor A* confidential information about bids submitted to the DBA.

25. The corruptly obtained information allowed *Contractor A* to submit bids low enough to ensure *Contractor A* was awarded demolition related contracts.

26. From on or about April 2015 through the end of his employment with the City of Detroit on or about February 2016, HASKINS corruptly and with intent to be influenced accepted approximately $12,500 in bribes from *Contractor A*.

## COUNT ONE
(18 U.S.C. § 371: *Conspiracy to Commit Bribery and Honest Services Fraud*)

27. The General Allegations are included in this count.

28. On or about April 2014 and continuing to on or about March 2016, in the Eastern District of Michigan, Southern Division, defendant ARADONDO HASKINS, together with *Contractor A*, did knowingly and intentionally, conspire, confederate, and agree together and with each other:

> a. For HASKINS to devise a scheme to defraud Adamo of its right to the honest, faithful, and impartial services of HASKINS, including its right to his conscientious, loyal, faithful, disinterested, unbiased service, to be performed free of deceit, undue influence, conflict of interest, self-enrichment, self-dealing, concealment, bribery, fraud, and corruption, and to cause writings to be transmitted by wire in interstate commerce, in violation of 18 U.S.C. §§ 1343 and 1346.

b. For HASKINS, while an agent of the City of Detroit, an entity that received more than $10,000 in federal funding during the calendar year of 2015, to corruptly solicit and demand for the benefit of any person, and accepted and agreed to accept payments totaling more than $5,000 from *Contractor A*, intending to be influenced and rewarded in connection with business and transactions of a value of $5,000 or more with the City of Detroit, in violation of 18 U.S.C. § 666(a)(1)(B). That is, in exchange for bribe payments from *Contractor A*, HASKINS assisted *Contractor A* in assuring it was the lowest bidder and, thus, awarded lucrative contracts.

## THE OBJECTS OF THE CONSPIRACY

29. It was an object of the conspiracy that HASKINS used his position at Adamo to personally enrich himself by demanding and accepting bribes and kickbacks in the form of checks and cash from *Contractor A*. In return for the checks and cash received from *Contractor A*, HASKINS assisted in awarding contracts to *Contractor A* worth hundreds of thousands of dollars.

30. It was an object of the conspiracy that *Contractor A* be enriched by receiving demolition related jobs from Adamo.

31. It was a further object of the conspiracy that HASKINS and *Contractor A* concealed and attempted to conceal from Adamo, the public, and law enforcement their corrupt relationship and dealings with one another.

32. HASKINS, while an employee with Adamo, was prohibited by federal and state law from receiving any consideration from any company dealing with Adamo. HASKINS was also required by state and federal law to discharge his duties solely in the interest of his employer, Adamo. M.C.L. ' 750.125; 18 U.S.C. § 1346.

33. Michigan law prohibits employees, such as HASKINS, from accepting bribes. M.C.L. ' 750.125.

## OVERT ACTS

34. On or about the dates listed below, in the Eastern District of Michigan, Defendant HASKINS, an employee of Adamo, accepted payments from *Contractor A*, without the knowledge of Adamo, and/or the City of Detroit. Each of the payments below constitutes an overt act of this conspiracy:

| Employer | Date On or About | Approximate Amount Paid to HASKINS by *Contractor A* |
|---|---|---|
| Adamo Group | July 22, 2014 | $1,500 |
| Adamo Group | September 5, 2014 | $2,000 |
| Adamo Group | September 26, 2014 | $2,000 |
| Adamo Group | October 21, 2014 | $1,500 |
| Adamo Group | December 5, 2014 | $2,000 |
| Adamo Group | December 23, 2014 | $2,000 |
| Adamo Group | February 17, 2015 | $1,000 |
| Adamo Group | March 27, 2015 | $2,000 |

35. On or about the dates listed below, in the Eastern District of Michigan,

7

Defendant ARADONDO HASKINS, an employee of City of Detroit as "Field Operations Manager" at the Detroit Building Authority, accepted the following payments from *Contractor A*. Each payment is an overt act of this conspiracy.

| Employer | Date On or About | Approximate Amount Paid to HASKINS by *Contractor A* |
|---|---|---|
| City of Detroit | July 10, 2015 | $7,500 |
| City of Detroit | November 6, 2015 | $4,000 |

36. On or about March 10, 2016, *Contractor A* paid HASKINS approximately $1,000 for assistance HASKINS provided while HASKINS was employed with the Detroit Building Authority.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – *Criminal Forfeiture*)

The allegations contained in Count One of this Information are realleged and incorporated by reference to allege forfeiture under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of a conspiracy to violate Title 18, United States Code, Sections 1343, 1346, and 666(a)(1)(B), in violation of Title 18, United States Code, Section 371, the defendant, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The forfeiture in this case may include entry of a forfeiture money

judgment in an amount up to the value of the property subject to forfeiture for the offense of conviction.

If, by any act or omission of the defendant, the proceeds of the offense cannot be located upon the exercise of due diligence, have been transferred, sold to, or deposited with a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to forfeit substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

SAIMA MOHSIN
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515

DAVID GARDEY
Assistant United States Attorney
Chief, Public Corruption Unit

SARAH RESNICK COHEN
Assistant United States Attorney

KAREN REYNOLDS
Assistant United States Attorney

MAKAN DELRAHIM
Assistant Attorney General
Antitrust Division
U.S. Department of Justice

JAMES FREDRICKS / ML
Chief, Washington Criminal II Section
Antitrust Division
U.S. Department of Justice

MATTHEW STEGMAN
Trial Attorney
Washington Criminal II Section
Antitrust Division
U.S. Department of Justice

Date: March 22, 2019

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove{r} | Case: 2:19-cr-20159<br>Judge: Roberts, Victoria A.<br>MJ: Stafford, Elizabeth A.<br>Filed: 03-22-2019 At 10:26 AM<br>SEALED MATTER (LG) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to compl{ete}

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: |

**Case Title:** USA v. D-1 Aradondo Haskins

**County where offense occurred:** Wayne

**Check One:**  ☒ Felony     ☐ Misdemeanor     ☐ Petty

    ____Indictment/ ✓ Information --- **no prior complaint.**
    ____Indictment/____Information --- based upon prior complaint [**Case number:**                    ]
    ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 22, 2019
Date

Sarah Resnick Cohen
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9637
Fax:    313-226-3413
E-Mail address: Sarah.Cohen@usdoj.gov
Attorney Bar #: P51968

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.